[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner brings this writ of habeas corpus alleging (1) that he received a disciplinary ticket for threats to a correctional officer alleged to have occurred on December 28, CT Page 5527 1994 for which he was not given an adequate hearing; and (2) In 1995 he was refused medication for his liver condition. Both events occurred while he was confined to MacDougall Correctional Institution. The petitioner is a sentenced inmate committed to the custody of the Commissioner of Corrections and is presently incarcerated at Garner Correctional Institution. The disciplinary report to which the petitioner plead not guilty was heard by the Disciplinary Hearing Committee on January 5, 1995 and, after a finding of guilty the Committee imposed sanctions on the petitioner of thirty days loss of visiting and commissary privileges. He alleges he has had no disciplinary action on his record for twenty years and desires to maintain a clean record.
 I.
The petitioner claims that his due process rights were violated in the disciplinary proceeding in that the advocate whom he chose, Mr. Wilson, was unavailable and another advocate was appointed for him, Mr. Beauchamp. However, the evidence before the Committee was the complaint of C.T.O. Kettering that on December 28, 1994 the petitioner approached him and stated "You should not bring my business to other inmates or staff or you are going to find yourself in big trouble." The statement was overheard by C.O. Rouchle and Collazo and his own cell-mate, Napier Talton. The petitioner admitted speaking to C.T.O. Kettering but denies it was a statement of threat. His complaint then and now is that he was not represented by Advocate Wilson then and, now by an attorney. He had called no witnesses nor presented any statements of others or himself that the event did not occur. Due process does not require providing attorneys or advocates for such hearings nor does it require the court to set aside the decisions of prison administrators that have some basis in fact. Superintendent v. Hill, 472 U.S. 445, 456.
 II.
On February 1, 1995 while housed at McDougall Correctional Institution he experienced the symptoms of the need for medical attention for his liver problem. The correctional officer did call medical but, because of a lockdown and insufficient staff, medical did not respond. Further pleas to the officer elicited less than sympathetic responses. The petitioner has since been transferred to Garner Correctional Institution and there has been no recurrence of the incident. There has been no showing that this is a pattern of care and the transfer has made the matter CT Page 5528 moot. "The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed."Martin-Trigona v. Shiff, 702 F.2d 380, 386 (2d Cir. 1983).
For the above reasons the petition is denied.
Thomas H. Corrigan Judge Trial Referee